FILED

2008 Nov-19  AM 10:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL NAIL, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:08-cv-02065-RDP** |
| | } | |
| **U.S. LAND & TITLE,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

The court has before it Defendant's Notice of Removal (Doc. #1), filed on November 4, 2008. The court has a continuing duty to examine its jurisdiction. Upon its own motion, based on the information contained in the removal record, the court finds that it lacks subject matter jurisdiction and this case is due to be remanded to the Circuit Court of Jefferson County, Alabama.

## I.    Procedural History

On October 8, 2008, Plaintiffs Michael Nail and Amanda Nail filed their Complaint in the Circuit Court of Jefferson County, Alabama, Bessemer Division asserting two claims against Defendant U.S. Land & Title and fictitious Defendants A, B, C, and D–Count One for specific performance and Count Two for conspiracy. (Doc. #1). The allegations in Plaintiffs' Complaint relate to an alleged breach of contract for a parcel of real estate located at 9618 Charles Ellan Drive, Bessemer, Alabama. Plaintiffs' Complaint specifies that the amount in controversy exceeds $50,000, but is less than $75,000.

On November 4, 2008, Defendant removed this case to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. #1). Defendant's removal was based upon diversity jurisdiction. In

its Notice of Removal, Defendant argues that, though Plaintiffs specifically state in their Complaint that they seek more than $50,000, but no more than $75,000, it can nonetheless satisfy its burden of establishing the requisite jurisdictional amount by reference to verdicts in other similar cases.

On November 12, 2008, the court issued a Show Cause Order (Doc. #2) requiring Defendant to demonstrate why this case should not be remanded to the Circuit Court of Jefferson County.  On November 18, 2008, Defendant indicated by Notice (Doc. #3) that it did not object to remand.

## II.    Legal Analysis

In *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), the Eleventh Circuit set forth in detail the procedures for evaluating whether the requisite jurisdictional amount in controversy has been established in a removal based upon diversity of citizenship.  The Eleventh Circuit clarified not only that the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence, but also that a determination of the propriety of removal is to be evaluated *on the basis of the removing documents.  Lowery*, 483 F.3d at 1208-9, 1213-14. Where the amount in controversy is not apparent on the removing documents, "the proper course is remand."  *Id.*, at 1218.  "In assessing whether removal was proper . . . the district court has before it *only* the limited universe of evidence available when the motion to remand is filed, *i.e.* the notice of removal and accompanying documents."  *Id.*, at 1213-14 (emphasis added).

Although Defendant's removal notice relied upon jury verdicts in other similar cases to evaluate whether the jurisdictional amount in this case is greater than $75,000, the law set forth in *Lowery* does not allow this court to look to those.  "The existence of jurisdiction should not be divined by looking to the stars."  *Id.,* at 1215.  Because the jurisdictional amount in controversy in this case is not apparent on the removing documents, "the proper course is remand."  *Id.*, at 1218.

**III.    Conclusion**

For the reasons outlined above, the court finds that the requisite amount in controversy for removal based on diversity of citizenship has not been established and, therefore, the court lacks subject matter jurisdiction.  Defendant cannot meet its burden of establishing by a preponderance of the evidence in the removal record that the requisite jurisdictional amount is at issue.  By separate order, the court will remand this case to the Circuit Court of Jefferson County, Alabama.

**DONE** and **ORDERED** this ____19th_____ day of November, 2008.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

3